Albert. G. Brant  
vs.　　No. 74857.  
Henry J. Spooner

July 7, 1930.

RUECKERT, J. In this suit the plaintiff is seeking to recover from the defendant:

1. The sum of $7,786.71 which plaintiff claims that he advanced for and in behalf of the defendant in the latter's manufacturing business during the period from March 1st, 1927, to February 1st, 1928, while plaintiff had charge of and managed the business for defendant.

2. The sum of $3,360 for 48 weeks' salary as such manager at $70 a week.

3. The sum of $3,613, the amount 'due on a promissory note for $3,000 signed by the defendant on October 25th, 1926, and payable to the plaintiff February 26th, 1927.

The aggregate amount of these three items of plaintiff's claim is $14,759.71. Against this the plaintiff gives the defendant credit for checks received by way of payment amounting to $7,652.52 and money received $224.07, making a total credit of $7,876.59, thus leaving the balance of plaintiff's claim exclusive of interest thereon $6,883.12, which balance with interest of $423.34 amounts in all to $7,306.46.

It appeared in evidence that while the plaintiff had been in the defendant's employ as foreman of his business for a number of years prior to 1927, it was not until 1927 when the defendant became ill and unable regularly to attend to his business, leaving that largely to the care and direction of the plaintiff, that differences between them arose. The trial, which occupied three days, disclosed a controversy that more properly should have been referred to an accountant for solution rather than to the finding of a jury. The jury rendered a verdict in favor of the plaintiff for $6,367.09, this being $939.37 less than the total amount of the plaintiff's claim. Whether this difference resulted from disallowance of certain items in the plaintiff's bill of particulars or by allowing the defendant certain credits not conceded by the plaintiff, does not appear. The defendant moves for a new trial on the usual grounds.

1. As to the note for $3,000 the defendant admitted the execution of the note in consideration of a loan of that sum to him by the plaintiff, and asked the jury generally to find payment in and among the checks given by him to the plaintiff and submitted in evidence. The amount awarded the plaintiff in the case indicates that the jury did not consider that the note was so paid. The Court is of the opinion that the jury was warranted in its finding on this point.

2. As to the plaintiff's claim for salary. There is no dispute between the parties that the plaintiff was entitled to a salary of $70 a week. The defendant urges the improbability of the defendant continuing in the service of the defendant for nearly a year without pay. Objection is also made by the defendant to the length of time or number of weeks of service set out in the plaintiff's bill. Instead of the 48 weeks claimed by the plaintiff the defendant contends that the plaintiff was not entitled to wages after December 1, 1927, thus making the time 39 weeks, for the reason that on November 12, 1927, he instructed the plaintiff to close up and dispose of the business as he could no longer continue it on account of the expense. That two weeks was a reasonable and sufficient time to have done this, and therefore he should not be chargeable for salary or other expense after December 1, 1927. As the plaintiff denied having such an order from the

defendant to close up the business and instead did continue it until February 1, 1928, meanwhile turning over the receipts to the defendant, it was left to the jury to decide whether or not the defendant had so instructed or ordered the plaintiff to discontinue the business and the number of weeks the plaintiff was entitled to claim as wages under the circumstances. It is impossible to determine from the verdict how many weeks salary the jury found the plaintiff entitled to. If 48 weeks were computed and allowed as the defendant assumes the Court feels that under the evidence the jury would be justified for such finding. The plaintiff's claim that he had not been paid his salary for nearly a year might not have appeared so highly improbable to the jury as to deserve rejection in view of the fact that the plaintiff on October 25, 1926, had loaned defendant $3,000 which still remained unpaid. The Court cannot say that the jury was not warranted in finding for the plaintiff on this point.

3. The plaintiff's claim for money paid in advance for and in behalf of the defendant in his business presents a more difficult question for determination. To support his claim for $7,786.71 the plaintiff submitted a mass of accumulated bills and receipts and memoranda for materials and supplies purchased and used in the business which he had paid, also checks for money drawn from his own personal bank account to meet the payrolls of the other employees of the defendant and the expenses incident to the business. The books kept by a young woman, who at the same time worked in the stock room, were of no or very little assistance in giving the condition of the business, its receipts and expenses from day to day and the state of the account between defendant and plaintiff. The bills and receipts appeared to be for material and supplies such as are used in the defendant's business. The plaintiff had

listed these receipts, bills and checks for each month from March 1, 1927, to February 1, 1928, and made up his claim and bill of particulars from these papers, and not by book account, and they were so presented and submitted to the jury together with plaintiff's testimony that he had paid and advanced the money called for in those papers for and on account of the defendant. The total amount that resulted from adding the several sums set out in the papers was $7,846.85.

Against this the defendant contended that the course of dealing with plaintiff was such that he called at the place of business from time to time and received from plaintiff a statement of the amount the plaintiff had advanced and paid out for him and thereupon he gave his check for such amount and was led to believe that these checks constituted payment in full of all such advances. No such written statements appeared in evidence. At the trial 22 such checks given by the defendant to the plaintiff amounting to $9,776.19 were produced. Of these checks plaintiff admitted and had given credit to the defendant in his bill of particulars for $7,652.52. The defendant claimed credit on this account for four checks given by defendant to plaintiff March 1, 1927, for $300, March 2, 1927, for $1,194.06, March 15, 1927, for $317.77, and March 24, 1927, for $311.84, in all amounting to $2,123.67.

The plaintiff while admitting the receipt of these four checks claimed that they were in payment of advances and bills paid by him prior to March 1, 1927, and that they should not be credited on the account rendered from March 1, 1927, to February 1, 1928. As both parties had dealings for years previous to 1927 and the account in this suit was a continuation of previous dealings and nothing was either produced or called for to show the state of the account between them on March 1, 1927, the matter was left to

the jury to determine whether and to what extent these four checks could be credited to the defendant. It is evident that all these four checks were not credited as requested by the defendant. The defendant in his motion for a new trial insists that for this reason the verdict is against the evidence and a new trial should be given him.

In view of the fact that the plaintiff's account shows a charge for the month of March, 1927, of only $623.89 paid out and advanced and even adding to that the plaintiff's salary of $70 a week $428 for that month making a total of $1,023 there does not appear to be any reason why defendant should have given plaintiff so large a sum as $2,123.67 to be applied on March account. The Court believes that the plaintiff's explanation is the more probable and reasonable one and that these four checks were given to be applied to advances made by plaintiff prior to March 1, 1927, and that the jury would be warranted in so finding, and that a new trial should not be awarded on this account. A check given by the defendant on March 31, 1927, for $200 was duly credited by the plaintiff to the defendant.

The defendant further urges that the charges for merchandise and other expenses for the month of December, 1927, and January, 1928, should not be allowed for the same reason given by him for disallowance for plaintiff's salary for these two months, namely, that defendant had directed him on November 12, 1927, to close the business and that this could have been done by December 1, 1927. As the giving of such notice was a disputed fact both the question of the giving such notice to plaintiff to discontinue the business and the time required for that purpose were left to the jury to determine. The Court finds no reason to set aside their judgment and decision in this matter.

For the reasons already given the Court is of the opinion that the verdict of the jury was not against the evidence and the weight thereof, that the award of the jury was not excessive and unjust and that the verdict does substantial justice between the parties.

The defendant's motion for a new trial is denied.

For plaintiff: Clason, Brereton, & Kingsley.

For defendant: Grim, Littlefield & Eden.